IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DOROTHEA L. JOYNER,                *

    Plaintiff,                  *

vs.                                *
                                      CASE NO. 4:20-CV-42 (CDL)
NATIONWIDE HOTEL MANAGEMENT         *
COMPANY, LLC,
                             *

    Defendant.
                             *

O R D E R

Dorothea Joyner alleges that her former employer, Nationwide Hotel Management Company, LLC, acted in concert with two of its employees "to deprive her of civil rights in violation of 42 U.S.C. § 1985(3), 42 U.S.C. § 1981(a) and the Contract Clause of Article I, Section 10 of the United States Constitution." Am. Compl. 1, ECF No. 11. Joyner also asserts state law claims for fraudulent misrepresentation, negligent misrepresentation, and intentional infliction of emotional distress. Nationwide filed a motion to dismiss all of Joyner's claims. As discussed below, the motion (ECF No. 12) is granted as to all of Joyner's claims except her claim for intentional infliction of emotional distress.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims.  *Id.* at 556.  But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'"  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

DISCUSSION

## I.    Joyner's 42 U.S.C. § 1985(3) Claim

Joyner asserts that Nationwide and its employees violated 42 U.S.C. § 1985(3) by conspiring to deprive her of her rights under 42 U.S.C. § 1981.[1]  The factual basis of this claim is Joyner's allegation that that her direct supervisor and another management-level employee spread a rumor throughout the workplace and corporate office that Joyner was not qualified for

---

[1] In her Amended Complaint, Joyner also asserted that Nationwide and its employees violated § 1985(3) by conspiring to deprive her of her rights under the Contract Clause of the U.S. Constitution, but she now acknowledges that this claim fails because Nationwide is a private entity.  Pl.'s Resp. to Def.'s Mot. to Dismiss 6, ECF No. 15.

her job and only received a promotion because she had a sexual affair with her former boss. Joyner asserts that she did not have an affair with her former boss or receive a promotion because of an affair. Joyner further contends that the two employees plotted to terminate her, thereby interfering with her contractual rights.

Joyner brought a previous action alleging the exact same facts, asserting that she was subjected to a hostile work environment because of her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. The Court granted Defendants' summary judgment motion as to Joyner's Title VII claim and declined to exercise supplemental jurisdiction over her state law claims. *Joyner v. Nationwide Hotel Mgmt. Co., LLC*, No. 4:18-CV-37 (CDL), 2019 WL 690545, at *1 (M.D. Ga. Feb. 19, 2019). A panel of the Eleventh Circuit affirmed, finding that Nationwide established a *Faragher-Ellerth* defense. *Joyner v. Woodspring Hotels Prop. Mgmt. LLC*, 785 F. App'x 771, 774 (11th Cir. 2019) (per curiam).

Nationwide moved to dismiss the present § 1985(3) claim, arguing that it fails for several reasons, including the doctrine of *res judicata*. "The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Solis v. Glob. Acceptance Credit*

3

*Co., L.P.*, 601 F. App'x 767, 770 (11th Cir. 2015) (per curiam) (quoting *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013)). Since Joyner's prior Title VII action was decided by a federal court exercising federal question jurisdiction, the Court must apply federal preclusion principles. *CSX Transp., Inc. v. Bhd. of Maint. of Way Employees*, 327 F.3d 1309, 1316 (11th Cir. 2003). Under those principles, Nationwide must establish: "(1) the prior decision [was] rendered by a court of competent jurisdiction; (2) there [was] a final judgment on the merits; (3) both cases . . . involve[d] the same parties or their privies; and (4) both cases . . . involve[d] the same causes of action." *Solis*, 601 F. App'x at 770 (quoting *Lobo*, 704 F.3d at 892). Here, Joyner does not dispute that both cases involve the same parties or that the prior decision was a final judgment on the merits rendered by a court of competent jurisdiction. She only argues that the cases do not involve the same causes of action because she altered her legal claims.

The problem for Joyner is that "*[r]es judicata* applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts." *Id.* at 771 (quoting *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993)). So, if the new "case arises out of the same nucleus of operative facts, or is based upon the

same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* (quoting *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010)). If the "the underlying core of facts is the same in both cases, such that the present claim could have been effectively litigated with the prior one," then res judicata applies. *Id.* (quoting *Kaiser Aerospace & Elec. Corp. v. Teledyne Indus., Inc.* (*In re Piper Aircraft Corp.*), 244 F.3d 1289, 1301 (11th Cir. 2001). Joyner does not dispute that her two complaints share a common nucleus of operative facts or that the claims in her present action could have been raised in the first one. Accordingly, Joyner's § 1985(3) claim is barred by *res judicata* and is therefore dismissed.[2]

## II.  Joyner's State Law Claims

Joyner asserts that the Court has diversity jurisdiction over her state law claims because she is a Georgia citizen, Nationwide is a Kansas citizen, and the amount in controversy

---

[2] The Court notes that the § 1985(3) claim based on an alleged violation of § 1981 also fails because Nationwide is a private entity. The Eleventh Circuit has emphasized that "[w]hen the alleged § 1985(3) conspirators are private actors, the plaintiff must demonstrate that the conspiracy was aimed at rights constitutionally protected against private impairment." *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010). These rights only include select "serious constitutional rights" like the right to interstate travel and the right against involuntary servitude. *Id.* Thus, the Eleventh Circuit has held that "conspiracies to violate rights protected under § 1981 are . . . insufficient to form the basis of a § 1985(3) claim." *Id.*

5

exceeds $75,000. Am. Compl. ¶ 6. Nationwide argues that Joyner's state law claims fail as a matter of law. The Court addresses each claim in turn.

### A.   Joyner's Fraudulent Misrepresentation Claim

Joyner claims that her direct supervisor created an employment performance improvement plan on March 27, 2017 that required Joyner to meet certain goals. Am. Compl. ¶ 33, 37. Joyner contends that she was to be evaluated on April 10, 17, and 26 but that Nationwide terminated her on April 7, 2017—before the first evaluation—even though she exceeded the goals outlined in the performance improvement plan. *Id.* ¶ 39, 42-43. Joyner further alleges that the performance improvement plan "was nothing more than a legal pathway" for her supervisors "to terminate her due to their belief that she was not qualified to be a General Manager [and] that she was in receipt of her job due to a sexual affair" with her former boss. *Id.* ¶ 38. Joyner contends that Nationwide falsely represented to her that she would be evaluated on her performance at scheduled intervals. She further asserts that Nationwide did not actually intend to conduct the scheduled evaluations before terminating her on April 7, 2017. *Id.* ¶ 69. Joyner alleges that she put in extra effort at her job between March 28 and April 7 and that she would not have performed so efficiently if she had known that

6

she would be terminated before the review dates set in the performance improvement plan. *Id.* ¶ 73.

To state a claim for fraudulent misrepresentation, Joyner must allege that (1) Nationwide made false representations; (2) Nationwide knew the representations were false at the time (scienter); (3) Nationwide made the representations intending to deceive Joyner; (4) Joyner justifiably relied upon such representations; and (5) Nationwide's misrepresentations resulted in damages. *Clemons v. Delta Airlines, Inc.*, 790 S.E.2d 814, 817 (Ga. Ct. App. 2016). Joyner appears to allege that by creating the performance improvement plan, Nationwide promised not to fire Joyner if she improved her performance and met certain benchmarks and promised to review her on April 10, April 17, and April 26. Joyner further alleges that at the outset, Nationwide did not intend to review her on the specified dates. In support of its motion to dismiss, Nationwide submitted a copy of the performance improvement plan. Def.'s Mot. to Dismiss Ex. 1, Employee Performance Improvement Plan, ECF No. 14.[3] The document does state that Joyner's supervisor set up progress reviews for fourteen, twenty-one, and thirty days after the performance improvement plan began. *Id.* But it

---

[3] The performance improvement plan document is central to Joyner's fraudulent misrepresentation claim and Joyner does not challenge its authenticity, so the Court may consider the document without converting Nationwide's motion to dismiss into a summary judgment motion. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

also states that Nationwide "reserve[d] the right to end [its] employment relationship with [Joyner] at any time during this improvement plan process." *Id.* It further stated that if "a continued decline occurs [Nationwide] reserve[s] the right to . . . discontinue the action plan process followed by termination." *Id.* Thus, the performance improvement plan did not promise that Joyner would keep her job pending the review dates. And, even if it did, Joyner does not allege that she relied on the promise *to her detriment*. All she alleges is that she worked harder at her job between March 28 and April 7 and that she would not have performed as efficiently if she had known that she would not be evaluated on the specified evaluation dates. Without an allegation of detrimental reliance, Joyner's fraudulent misrepresentation claim fails.

B.   Joyner's Negligent Misrepresentation Claim

Joyner alleges that Nationwide negligently represented on a personnel transmittal form that Joyner was terminated on April 5, 2017 even though she continued to work for Nationwide until April 7, 2017.[4] To state a claim for negligent misrepresentation, Joyner must allege "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon

---

[4] Joyner also alleges that she was terminated on April 7, 2017, when her supervisors "showed up to terminate" her. Am. Compl. ¶ 44; *accord id.* ¶ 42 (alleging that Joyner "was still employed as of April 7, 2017").

8

that false information; and (3) economic injury proximately resulting from such reliance." *Futch v. Lowndes Cty.*, 676 S.E.2d 892, 896 (Ga. Ct. App. 2009) (quoting *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 479 S.E.2d 727, 729 (Ga. 1997)). Joyner's allegations do not state who received the personnel transmittal form, who relied on it, or how any misrepresentation on the form resulted in damages to her. And, even if Joyner's complaint were construed to allege that Joyner was terminated on April 5 but she continued working because Nationwide failed to tell her until April 7, Joyner did not allege any economic injury, such as a failure to pay her for work performed through April 7. Accordingly, Joyner's negligent misrepresentation claim fails as a matter of law.

### C. Joyner's Intentional Infliction of Emotional Distress Claim

Joyner claims that Nationwide subjected Joyner to intentional infliction of emotional distress because two management-level employees, including Joyner's direct supervisor, spread a false rumor throughout the workplace and corporate office that Joyner was not qualified for her job and had been promoted only because she had a sexual affair with her former boss. Joyner alleges that she suffered severe emotional

distress, mental anguish, embarrassment, humiliation, and trauma as a result.[5]

To state a claim for intentional infliction of emotional distress, Joyner must allege intentional or reckless conduct that is extreme and outrageous and causes severe emotional distress. *Plantation at Bay Creek Homeowners Ass'n, Inc. v. Glasier*, 825 S.E.2d 542, 550 (Ga. Ct. App. 2019). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Miraliakbari v. Pennicooke*, 561 S.E.2d 483, 486 (Ga. Ct. App. 2002)).

Nationwide argues that Joyner's intentional infliction of emotional distress claim should be dismissed because Joyner did not allege any extreme and outrageous conduct.[6] The Court recognizes that "the conduct on which an intentional infliction

---

[5] Joyner also asserts that Nationwide subjected her to intentional infliction of emotional distress when (1) Nationwide terminated her on April 7, 2017 in spite of the evaluation dates set in the performance improvement plan, and (2) Nationwide listed a termination date of April 5, 2017 on the personnel transmittal form. Such conduct is not sufficiently extreme or outrageous to form the basis of an intentional infliction of emotional distress claim.

[6] Nationwide did not argue that Joyner failed to allege a sufficient basis for holding Nationwide liable for the acts of its employees, one of whom was Joyner's supervisor. Nationwide also did not argue that Joyner failed to allege that she suffered severe emotional distress as a result of the conduct. Thus, the Court need not address these issues.

10

of emotional distress claim is based must be so abusive or obscene that reasonable people would naturally assume that the target of such conduct would experience 'intense feelings of humiliation, embarrassment, fright or extreme outrage.'" *Howerton v. Harbin Clinic, LLC*, 776 S.E.2d 288, 300 (Ga. Ct. App. 2015) (quoting *Jones v. Fayette Family Dental Care*, 718 S.E.2d 88, 90 (Ga. Ct. App. 2011)). The Court also understands that extreme and outrageous conduct "does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living," nor does it include "occasional acts that are definitely inconsiderate and unkind." *Lockhart v. Marine Mfg. Corp.*, 635 S.E.2d 405, 407 (Ga. Ct. App. 2006) (quoting *Jarrard v. United Parcel Serv., Inc.*, 529 S.E.2d 144, 147 (Ga. Ct. App. 2000)) (finding that four offensive comments over fourteen months were not sufficiently egregious or outrageous to make out an intentional infliction of emotional distress claim).

Here, Joyner alleges that two management-level employees, including her direct supervisor, fabricated and spread throughout the workplace and corporate office a false rumor that Joyner was not qualified for her job as a general manager and that she only received the job because she slept with her former boss. The Court cannot say as a matter of law that such conduct is a mere insult or that it is within the bounds of decency of a

11

civilized community.[7]  The Court also cannot conclude as a matter of law that the target of such conduct would not experience intense feelings of humiliation or embarrassment as a result of such conduct.  For these reasons, the Court finds that Joyner adequately alleged that she was subjected to extreme and outrageous conduct.  Nationwide's motion to dismiss on this ground is denied.  Nationwide did not assert another basis for dismissing Joyner's intentional infliction of emotional distress claim, so the claim may proceed.

CONCLUSION

For the reasons set forth above, the Court denies Nationwide's motion to dismiss (ECF No. 12) as to Joyner's intentional infliction of emotional distress claim but grants Nationwide's motion to dismiss as to all of Joyner's other claims.

IT IS SO ORDERED, this 26th day of August, 2020.

S/Clay D. Land  
CLAY D. LAND  
U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA

---

[7] The Court makes no determination of whether such conduct would be actionable if it were mere coworkers, rather than Joyner's supervisors, who fabricated and spread the rumor.